**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| RYAN LAYNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-136-RWS-JBB |
| | § | |
| HENRY BRISCOE DAVIS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff Ryan Layne, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

Plaintiff sues Henry Briscoe Davis, whom he identifies as an investigator with the Criminal Investigation Division of the Texas Department of Public Safety, and Joshua Potter, Plaintiff's criminal defense attorney. Docket No. 1. He says that false criminal cases were alleged against him from 2021 to 2023 through falsified and fraudulent police reports and affidavits. *Id.* at 4. Plaintiff contends that he has served years in prison on baseless claims. *Id.* He argues that Davis intentionally set forth felony charges without probable cause, falsified official documents, and conspired to falsely arrest and wrongfully imprison him, while Potter conspired to wrongly imprison and defame him despite knowing that the felony accusations were entirely unfounded. *Id.*

The magistrate judge observed that Bowie County records show Plaintiff is currently "serving convictions for sexual assault, promotion of prostitution, trafficking of persons - continuous, and solicitation of prostitution, all of which were rendered on September 15, 2023."

Docket No. 3 at 2. He did not appeal his convictions, but has filed state petitions for the writ of habeas corpus, which the Texas Court of Criminal Appeals denied in January of 2026. *Id.*

In his complaint, Plaintiff asserted he was wrongly arrested and falsely prosecuted through the use of fabricated evidence and that he received ineffective assistance of counsel. Docket No. 1 at 4. "These claims, if proven, would plainly imply that Plaintiff's convictions were invalid." Docket No. 3 at 2. The magistrate judge went on to state as follows:

> The Fifth Circuit has explained that if a judgment in a civil rights case would necessarily imply the invalidity of a criminal conviction, the plaintiff can recover damages only by showing that the conviction has been reversed on direct appeal, expunged, declared invalid by an authorized state tribunal, or called into question by a federal writ of habeas corpus. *Johnson v. Thibodaux City*, 887 F.3d 726, 732 (5th Cir. 2018), *citing Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Johnson*, the Fifth Circuit held that a plaintiff named Dawan Every was precluded from seeking damages for her claim of unlawful arrest because her claim would imply the invalidity of her conviction for resisting arrest, which remained valid. Similarly, in *Sellers v. Haney*, 639 F.App'x 276, 277 (5th Cir. 2016), the Fifth Circuit stated that a plaintiff's claim of wrongful arrest was barred because he had not shown that his conviction had been set aside.

*Id.* The magistrate judge reasoned that Plaintiff's claims are barred at this time because he has not shown that the allegedly false convictions about which he complains have been reversed on direct appeal, expunged, declared invalid by an authorized state tribunal, or called into question by a federal writ of habeas corpus. *Id.* at 2–3. The magistrate judge said that Plaintiff cannot proceed on a civil rights lawsuit seeking damages for these claims until he can make such a showing and that his lawsuit should be dismissed with prejudice until such time as these conditions are met. *Id.* at 3 (citing *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007)).

In his objections to the magistrate judge's report and recommendation, Plaintiff says first that he is the only party in the case so far and so the report is in violation of Federal Rules of Civil Procedure 4, 5, 6, 7, 8, and 12. Docket No. 5 at ¶ 1. He complains that the defendants have not been served with process and thus have not had a chance to answer the lawsuit or set out a defense

of their own. *Id.* Plaintiff asserts the magistrate judge is not supposed to act as an advocate for any party and cannot decide a matter which has not been properly pleaded, especially when the defendants have not been served. *Id.* at ¶ 2. He further contends the report violates the parties' right to settle under Rule 41 and violates Rules 16, 26, and 37 by obstructing the ability to confer, exchange discovery, and enter sanctions as appropriate. *Id.* at ¶ 4. Plaintiff says legally served defendants should be allowed to plead their own defenses if any, and no one can legally recommend that a case be dismissed at this juncture. *Id.* at ¶ 6.

As the magistrate judge stated: "[28] U.S.C. § 1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Docket No. 3 at 3. The Fifth Circuit has held that this statute authorizes dismissal of a complaint that is barred by *Heck*. *See Perez v. United States*, 481 F.App'x 203, 207 (5th Cir. 2012) (affirming district court's dismissal of plaintiff's claims "without first issuing service of process, conducting discovery, and waiting for a decision in his federal habeas proceeding"). Section 1915A provides for such review of all lawsuits filed by prisoners, even when the full filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Plaintiff's objections to the effect that the magistrate judge is not authorized to recommend dismissal at this juncture, that the magistrate judge is acting as an advocate for a party, and that the recommendation violates the Federal Rules of Civil Procedure are without merit.

Plaintiff also asserts that *Heck* does not bar Fourth Amendment claims that affect only whether evidence could be presented to a jury and do not necessarily imply the invalidity of a

conviction. Docket No. 5 at ¶ 5. He maintains that "conspiracy to deprive" claims are not legally matters which would be barred by *Heck*, nor does *Heck* bar discovery or service of process. *Id.*

As the magistrate judge explained, *Heck* applies when a judgment in a civil case would necessarily imply the invalidity of a criminal conviction. Docket No. 3 at 3. Plaintiff's claim implicates the validity of his convictions, and because there is no evidence that his convictions have been "overturned, expunged, or otherwise invalidated," these claims, if proven, would clearly and necessarily imply that his convictions are invalid. The magistrate judge correctly concluded that Plaintiff's claims are barred by *Heck*, and Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Plaintiff's objections are overruled and the report and recommendation of the magistrate judge (Docket No. 3) is **ADOPTED** as the opinion of the district court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as Plaintiff can show that the convictions about which he complains have been reversed on direct appeal, expunged, declared invalid by an authorized state tribunal, or called into question by a federal writ of habeas corpus. The dismissal of this lawsuit shall not prevent Plaintiff from refiling at such time as these conditions are met. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby

**DENIED**.

**So ORDERED and SIGNED this 24th day of September, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE